In the Matter of the Estate of VINCENT J. ANDERSON, Deceased.

Surrogate's Court, Suffolk County, March 9, 1954.

*Weismann, Meyer & Bijesse* for Maureen M. Anderson. petitioner.

*Pierre G. Lundberg,* special guardian for infants.

*Thomas M. Stark,* special guardian for alleged deceased.

HAZLETON, S. This is an application for letters of administration brought pursuant to subdivision 2 of section 119 of the Surrogate's Court Act.

From the testimony it appears that after his discharge from the United States Navy in 1945, Vincent J. Anderson was employed in the Merchant Marine as a ship's carpenter on the S.S. *M. E. Comerford,* on which he made one voyage. On August 20, 1945, Anderson, with his wife, petitioner herein, traveled from Kings Park, Long Island, to New York City to collect his pay for the trip and sign up for another voyage on the same ship. When the husband kissed his wife goodbye, it was the last she ever saw of him. The only evidence of his existence and/or whereabouts is an excerpt from the log of the steamship recounting an incident occurring while the vessel was docked at Charleston, South Carolina, on August 28, 1945. This log entry related that on that date Vincent J. Anderson suddenly appeared in the engineer's cabin in a confused condition, suffering from hallucinations of persecution, that he was sent to bed by the member of the crew on watch and was not seen or heard from thereafter. He just seemed to vanish into thin air.

The alleged decedent may still be alive. Much of course has to be left to speculation. Since Anderson definitely did not sail with said vessel from Charleston on August 30, 1945, the conclusion must be either that he went ashore and disappeared or else fell overboard and drowned in the harbor. For the past eight years in various police files throughout the United States, Anderson has been listed as a missing person. His fingerprints are on file in several places including the Federal Bureau of Investigation. It has been attempted to locate him through advertising. I am satisfied that the investigation made by Anderson's family and their attorneys has been most complete and diligent and I know of nothing else that can be done to locate this missing person.

Section 341 of the Civil Practice Act provides that a person who absents himself in this State or elsewhere for seven years together is presumed to be dead unless it is affirmatively proved that he was alive within that time. Each case must be examined in the light of its own particular facts and circumstances and this court must be fully satisfied that there is no reasonable probability of the person being alive before the presumption becomes absolute. (*Matter of Wagener,* 143 App. Div. 286; *Matter of Sullivan,* 130 Misc. 501.) From the evidence I believe that the presumption of death has not been overcome and that the conclusion must be now drawn that Vincent J. Anderson is deceased. It follows therefore that the application herein is granted and that letters of administration should issue to petitioner. Submit decree accordingly.